**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:23-82-KKC-MAS-SS-3** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **WENCESLAO MARISCAL VALLEJO,** | |
| **Defendant.** | |

Defendant Wenceslao Mariscal Vallejo has filed a motion (R. 262) asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), a statute that provides for what is commonly referred to as "compassionate release."

The defendant pleaded guilty to three charges: conspiracy to distribute five kilograms or more of cocaine; possession with intent to distribute five kilograms or more of cocaine; and illegal reentry into the United States after being convicted of an aggravated felony. By judgment entered May 2, 2024, the Court sentenced the defendant to a total prison term of 120 months, which was his mandatory minimum sentence. According to the Bureau of Prison ("BOP"), he is scheduled to be released on March 4, 2032. With this motion, he asks the Court to reduce his prison term.

Under 18 U.S.C. § 3582(c), either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of imprisonment. A defendant may make his own motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has determined that the occurrence of one of the two events

mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government does not invoke the condition. Accordingly, the Court may consider this motion.

The compassionate release statute permits the Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A).  Under the provision of the statute cited by Vallejo, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.A. § 3582(c)(1)(A)(i).

Vallejo cites a provision of the policy statement that provides that "extraordinary and compelling circumstances" include any circumstance or combination of circumstances that "are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B1.13(5).  The circumstances described in paragraphs (1) through (4) deal with (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant, and (4) abuse of the defendant while in custody.

Vallejo argues that his status as a non-citizen is a circumstance similar in gravity to those set forth in paragraph (1) through (4). He argues that this is because he is not eligible for certain benefits that would shorten his time in prison that U.S. citizens are eligible for. This includes halfway house placement and the Residential Drug Abuse Program ("RDAP"). He argues that, as a result, he will have to serve approximately 24 months longer in prison than U.S. citizens. He asks the Court to reduce his sentence by that much.

Numerous district courts have rejected this argument.  *See, e.g., United States v. Mesrop*, No. CR-21-95-D, 2025 WL 365652, at *3 (W.D. Okla. Jan. 31, 2025) (citing cases);

- 2 -

*United States v. Orduno-Ramirez*, No. 14-20096-JAR-07, 2024 WL 4948886, at \*3 (D. Kan. Dec. 3, 2024) (finding that defendant's status as a deportable alien was "not unique" and "is a generalized complaint and it does not constitute an extraordinary and compelling reason for compassionate release."); *United States v. Orozco*, No. 2:18-CR-515-TC, 2024 WL 4043538, at \*3 (D. Utah Sept. 4, 2024); *United States v. Santillan*, No. 518CR00048KDBDSC14, 2023 WL 4002526, at \*2 (W.D.N.C. June 14, 2023) ("This is a generalized complaint applicable to presumably a great many inmates and is not 'extraordinary,' nor is it a compelling reason for a reduction in sentence."); *United States v. Galaviz*, No. 12-CR-125-19 (CKK), 2023 WL 8170998, at \*4 (D.D.C. Nov. 24, 2023) ("Accordingly, Defendant's treatment herein is not a 'rare circumstance,'. . . but rather, it is consistent with BOP regulations, and any application of the compassionate release exception is unwarranted.")

Vallejo has not shown any circumstances that distinguish him from any other non-citizen in prison who is categorically excluded from certain BOP programs based on that status. Accordingly, the Court cannot find that he faces any "extraordinary and compelling" circumstances warranting a sentence reduction. Further, "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *United States v. Tamayo*, 162 F. App'x 813, 816 (10th Cir. 2006). Thus, the Court cannot find that these policies constitute extraordinary and compelling circumstances warranting a sentence reduction.

For all these reasons, the Court HEREBY ORDERS that Vallejo's motion for compassionate release (R. 262) is DENIED.

This 13th day of May, 2026.

Signed By:

_Karen K. Caldwell_  KKC

United States District Judge